UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA         CRIMINAL ACTION

VERSUS                                    NO. 14-151

RICKEY COLEMAN                       SECTION "R" (3)

# ORDER AND REASONS

On April 20, 2015, defendant Rickey Coleman pleaded guilty to one count of conspiracy to make false statements in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 371.[1] On August 26, 2015, the Court sentenced Coleman to 60 months imprisonment.[2] Coleman now moves for credit for time served in state custody before his federal sentencing.[3] For the following reasons, the Court denies the motion.

Because Coleman challenges the duration of his sentence, the Court construes his motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (explaining that a motion for credit for time served should be filed as a writ of habeas corpus under 28 U.S.C. § 2241). In order to entertain jurisdiction over a section 2241 habeas petition, the federal district court must have jurisdiction

---

[1] R. Doc. 56 at 1.
[2] *Id.* at 1-2.
[3] R. Doc. 70.

over the petitioner or his custodian when the petition is filed. *See United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). A petitioner must file his section 2241 petition in the federal district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Cleto*, 956 F.2d at 84. Here, it is undisputed that Coleman filed this petition from the federal penitentiary in Beaumont, Texas,[4] which is in the Eastern District of Texas. Therefore, the Court lacks jurisdiction to afford Coleman the relief he seeks. Coleman must file his petition in the Eastern District of Texas.

Additionally, the petition is not properly before the Court because Coleman has not shown that he has exhausted his administrative remedies. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (explaining that "a § 2241 petitioner 'must first exhaust his administrative remedies through the Bureau of Prisons'") (quoting *Gabor*, 905 F.2d at 78 n.2).

For the foregoing reasons, Coleman's motion is DENIED for lack of jurisdiction.

New Orleans, Louisiana, this __29th__ day of January, 2018.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[4] R. Doc. 70.